J-S51006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STEVEN DENNIS FREDERICK :
:
Appellant : No. 772 MDA 2019

Appeal from the PCRA Order Entered April 25, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000743-1975

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.: **FILED DECEMBER 10, 2019**

Steven Dennis Frederick appeals *pro se* from the order entered on April 25, 2019, in the Court of Common Pleas of Berks County, which dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546, and third total post-conviction petition. Frederick's petition is facially untimely, and Frederick has failed to prove any of the three statutory exceptions to the PCRA time-bar. Therefore, the PCRA court rightfully concluded that it lacked jurisdiction to consider the merits of his appeal. Accordingly, we affirm.

In 1977, Frederick was convicted of first-degree murder, burglary, aggravated assault, robbery, and theft by unlawful taking.[1] On June 5, 1980, Frederick was sentenced to life imprisonment without the possibility of parole.

---

[1] **See** 18 Pa.C.S.A. §§ 2502(a); 3502(a); 2702(a)(1); 3701(a)(1); and 3921(a), respectively.

Our Supreme Court affirmed *per curiam* his judgment of sentence on May 27, 1983,[2] and Frederick did not seek any further review with the United States Supreme Court.

In 1988, Frederick filed a petition for relief under the then Post Conviction Hearing Act ("PCHA"), which was denied by the PCHA court. We affirmed the denial of the petition, and subsequently, our Supreme Court affirmed *per curiam*. In 2016, Frederick filed his first PCRA petition, which was dismissed. On January 17, 2017, we affirmed the dismissal of Frederick's PCRA petition. Frederick did not seek review of our decision in the Supreme Court of Pennsylvania. The Supreme Court of the United States denied Frederick's petition for writ of *certiorari* on February 20, 2018.

Frederick filed the current PCRA petition on July 26, 2018. On April 25, 2019, the PCRA court dismissed his petition as untimely filed. Correspondingly, Frederick filed a timely notice of appeal.

In his brief, Frederick presents one question for our review:

1) Did the lower court abuse its discretion in denying Frederick's subsequent PCRA petition invoking 42 Pa.C.S.A. § 9545(b)(1)(i), which would have allowed for proper adjudication of his substantive claim and would warrant relief from the judgment against him?

---

[2] Frederick appealed the judgment of sentence directly to the Pennsylvania Supreme Court. **See** Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202, repealed and reenacted in part, Act of September 23, 1980, P.L. 686, No. 137, 42 Pa.C.S.A. § 722.

*See* Appellant's Brief, at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

Before we can reach the merits of Frederick's claim, we must first consider whether his PCRA petition is timely. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and "if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3).
>
> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Frederick's judgment of sentence became final on July 26, 1983, sixty days after our Supreme Court affirmed his judgment of sentence and he sought no further review from the United States Supreme Court.[3] **See** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the time for seeking the review."); 42 Pa.C.S.A. § 9545(b)(1) (indicating that absent an exception, a PCRA petition must be filed within one year of the date a judgment becomes final). Accordingly, as a facially untimely petition more than thirty years overdue, the PCRA court lacked jurisdiction to review Frederick's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(i-iii). Further, to invoke one of these exceptions, Frederick must have demonstrated that he filed his petition within sixty days of the date his claim could have been presented.[4]

_____

[3] When our Supreme Court affirmed Frederick's judgment of sentence, he had sixty days to file with the Clerk of the United States Supreme Court a petition for a writ of *certiorari* under what was then U.S. Sup. Ct. R. 20.1. Effective January 1, 1990, Rule 20.1 was renumbered as U.S. Sup. Ct. R. 13. The renumbering also enlarged the time for the filing of a petition for a writ of *certiorari* to ninety days.

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) to expand the time for filing a petition from 60 days to one year from the date

As best can be discerned, Frederick attempts to circumvent the PCRA's time-bar by asserting that he has been unconstitutionally and illegally sentenced as a result of some sort of interference by government officials, pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i).[5] **See** Appellant's Brief, at 8. Stated differently, Frederick contends that "the governmental officials in the case at bar utterly failed to fulfill their oath," Appellant's Brief, at 12, when the sentencing court and district attorney's office apparently worked in concert with one another to impose a sentence on Frederick that Frederick believes was unconstitutional, **see** Appellant's Brief, at 14.

"[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). Frederick has presented no exception to surmount this timeliness mandate.

_____

a claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter.

It does not appear that any element of Frederick's claim arose on or after December 24, 2017. Therefore, Frederick would have had sixty days from the date he first became eligible to assert a PCRA exception.

[5] The exception relied upon by Frederick allows a petitioner to avoid the PCRA's time-bar if "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9545(b)(1)(i).

Here, Frederick's purported claim arose on June 5, 1980, when "[t]he lower court patently imposed an unconstitutional sentence where that governmental official had no statutory authorization" to do so. Appellant's Brief, at 9-10. As best we can tell, Frederick is asserting that the sentencing court acted under an unconstitutional and since-repealed statute.

However, Frederick does not explain how what he classifies as "governmental interference" prevented him from timely filing his PCRA petition. **See Commonwealth v. Rizvi**, 166 A.3d 344, 349 (Pa. Super. 2017) (noting that even if that appellant's claim "possessed substantive merit, [the appellant] failed to offer a reasonable explanation why, with the exercise of due diligence, [the appellant] did not ascertain this alleged interference of government officials earlier and seek redress"). Therefore, even if Frederick meritoriously alleged a violation of the Constitution or law of either Pennsylvania or the United States, **see** 42 Pa.C.S.A. § 9545(b)(1)(i), he still has not demonstrated that somehow government officials prevented him from raising these concerns at an earlier date. Simply put, even through a generous reading of his brief, we are unable to uncover any allegations contending that government officials have, from June 5, 1980, until the present, interfered with his ability to raise his illegal sentencing claim.

As Frederick filed his petition more than a year after his judgment of sentence became final and has failed to plead and prove an exception to the PCRA's time-bar that would allow him to file an untimely petition, we are

without jurisdiction to offer him any form of relief. As such, we find that the PCRA court properly dismissed his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2019